IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIQUE D., by and through her Parent, Nancy Q., *et al*. | : | CIVIL ACTION |
| *Plaintiffs* | : | NO. 16-1179 |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF EDUCATION | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                            JANUARY 29, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Angelique D. ("Student"), by and through her parent, Nancy Q. (collectively "Plaintiffs"), filed this action against Defendant Pennsylvania Department of Education (the "Department" or "Defendant"), seeking attorneys' fees and costs under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §1400 *et seq*.[1] The parties have filed cross-motions for summary judgment. [ECF 28, 29]. The primary issue presented is whether Plaintiff is a "prevailing party" against the Department under the IDEA's fee award provision, 20 U.S.C. §1415(i)(3)(B), and thus, eligible for recovery of attorneys' fees from the Department.

---

[1] The Individuals with Disabilities Education Act was amended and renamed the Individuals with Disabilities Education Improvement Act, effective July 1, 2005. *See* Pub. L. No. 108-446, 118 Stat. 2715 (2005). Notwithstanding this change in the name of the statute, courts and litigants, including the parties in this action, continue to refer to this statute as the IDEA. *See, e.g., H.E. v. Walter D. Palmer Leadership Learning Partners Charter School*, 873 F.3d 406, 408 (3d Cir. 2017). For clarity, this Court will refer to the Act as the IDEA in this Memorandum Opinion.

The issues raised in the parties' respective motions have been fully briefed[2] and are ripe for disposition. For the reasons stated herein, Plaintiffs' motion for summary judgment is granted, and Defendant's motion is denied.

**BACKGROUND**

**<u>The Individuals with Disabilities Education Act</u>**

Though the issue before this Court is whether Plaintiffs are entitled to recover attorneys' fees and costs under the attorneys' fee provision of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §1415(i)(3)(B), a brief overview of the IDEA is important. The IDEA requires institutions that receive federal education funding to provide all children with disabilities with a "free appropriate public education" or "FAPE." 20 U.S.C. §1400(d)(1)(A); §1412(a)(1)(A); *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 993 (2017); *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012). Pursuant to the IDEA, Congress provides federal funds to each state that submits a plan with policies and procedures to ensure that eligible students with disabilities receive FAPE. 20 U.S.C. §§1411-1412. In turn, states, through their respective State Education Agencies ("SEA"),[3] apportion these federal funds to their Local Education Agencies ("LEA")[4] if the LEAs "submit a plan that provides assurances

---

[2] In adjudicating the pending cross-motions for summary judgment, this Court has also considered Defendant's response to Plaintiffs' motion for summary judgment, [ECF 32], Plaintiffs' response to Defendant's motion for summary judgment, [ECF 33], Defendant's notice of supplemental authority, [ECF 34], Plaintiffs' memorandum addressing Defendant's supplemental authority, [ECF 35], Plaintiffs' notice of additional authority, [ECF 36], and the parties' respective supplemental memoranda of law. [ECF 38, 39].

[3] A "State Educational Agency" is "the State board of education or other agency or officer primarily responsible for the State supervision of public elementary schools and secondary schools . . . ." 20 U.S.C. §1401(32).

[4] A "Local Education Agency" is defined as:

to the [SEA]" that the LEA meets certain IDEA eligibility requirements. 20 U.S.C. §1413(a). LEAs are responsible for identifying and evaluating students with disabilities, developing and implementing individualized education programs ("IEPs"),[5] and providing educational programming and services to their students. 20 U.S.C. §1414; 22 Pa. Code §§711.21-711.25, 711.41, 711.43-711.46.

Though the LEA is the entity that actually provides services to children under the IDEA, it is the SEA that "retains primary responsibility to ensure that all children with disabilities receive the education that is their right under the IDEA." *Charlene R. v. Solomon Charter Sch.*, 63 F. Supp. 3d 510, 513 (E.D. Pa. 2014); *see also* 20 U.S.C. §1412(a)(11)(A), §1413(g)(1); *Kruelle v. New Castle Cty. Sch. Dist.*, 642 F.2d 687, 696 (3d Cir. 1981). "The SEA is responsible for ensuring that LEAs comply with the mandates of the IDEA in providing educational services to those eligible students." *Charlene R.*, 63 F. Supp.3d at 513 (citing 20 U.S.C. §1412(a)(11)(A)). In addition, when an SEA is notified that an LEA is unwilling or unable to provide special educational services, the SEA is responsible for stepping in and providing the educational services. 20 U.S.C. §1413(g). In that regard, the "IDEA delegates supervisory authority to the SEA, which is responsible for administering funds, setting up policies and procedures to ensure local compliance with IDEA, and filling in for the LEA by

---

a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary or secondary schools.

20 U.S.C. §1401(19)(A).

[5] The IEP is a "written statement for each child with a disability" that includes a statement of the child's: (1) present levels of achievement and performance; (2) measurable annual goals; and (3) the special education and supplementary aids and services to be provided to the child, as well as other details regarding the child's educational program. 20 U.S.C.§1414(d)(1)(A)(I-IV).

providing services directly to students in need where the LEA is either unable or unwilling to establish and maintain programs in compliance with IDEA." *Charlene R.*, 63 F. Supp. 3d at 513 (quoting *Gadsby v. Grasmick*, 109 F.3d 940, 943 (4th Cir. 1997)).

In Pennsylvania, the Department is the SEA and, therefore, is responsible for the general supervision of the implementation of the IDEA and for ensuring that LEAs comply with the IDEA. *See Battle v. Pennsylvania*, 629 F.2d 269, 273 (3d Cir. 1980). Pennsylvania's public school entities – including charter schools – serve as LEAs and assume the duty of providing FAPE to every eligible child with a disability.[6] 24 Pa. Con. Stat. §§17-1732-A(a)-(b), 17-1749-A(a)-(b); 22 Pa. Code §§14.104(b), 711.2(a), 711.3(a), 711.41(a); 34 C.F.R. §300.209(c).

Once a child is identified as disabled, a school district must develop an "individualized education program" for the child that is "reasonably calculated to enable [the student] to make progress appropriate in light of the child's circumstances." *Endrew*, 137 S. Ct. at 1001; *see also* 20 U.S.C. §1414(d) (defining individualized education program). If parents believe that an IEP fails to provide their child with a FAPE, they may seek relief through one or more "procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Honig v. Doe*, 484 U.S. 305, 311 (1988). One such safeguard is the due process hearing – the procedure that Plaintiffs chose to use in this case. 20 U.S.C. §1415(b)(6)(A) and (f)(1)(A). "In Pennsylvania, the Commonwealth's Office of Dispute Resolution ("ODR") is responsible for conducting IDEA due process hearings." *H.E. v. Palmer*, 220 F. Supp. 3d 574, 577 (E.D. Pa. 2016) (citing 22 Pa. Code §14.162). Any party "aggrieved by" a hearing officer's

---

[6] Under the Pennsylvania Charter School Law, 24 Pa. Con. Stat. §§17-1701-A *et seq.*, a "charter school" is "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend." 24 Pa. Con. Stat. §17-1703-A.

"findings and decision" may seek review of the decision by filing a civil action in state court or in a district court of the United States. 20 U.S.C. §1415(i)(2)(A).

In addition, prevailing parties in the administrative due process action may bring a civil action to recover attorneys' fees. *Id*. §1415(i)(3)(B). Courts have "broad discretion" under the IDEA "to grant such relief as the court determines is appropriate, including attorneys' fees." *G.L.*, 802 F.3d at 608 (citations omitted). "The purpose of the fee provision in IDEA is to enable parents . . . of disabled children for whom the statute was enacted to effectuate the rights provided by the statute." *D.S. v. Neptune Twp. Bd. of Educ.*, 264 F. App'x 186, 189 (3d Cir. 2008) (quoting *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 856 (3d Cir. 2006)).

**Stipulated Facts[7]**

Plaintiff Nancy Q. ("Parent") is the grandmother and legal guardian of minor Plaintiff Angelique D. ("Student"). At all times relevant, Student, who was eligible for special education services, was enrolled in the Walter D. Palmer Leadership Learning Partners Charter School (the "Charter School"), which was Student's LEA, as defined by the IDEA. *See* 20 U.S.C. §1401(19). The Charter School received federal financial assistance. The Department is the SEA as defined by the IDEA. The Charter School closed in December 2014, and Student enrolled in the School District of Philadelphia.

On April 6, 2015, Parent filed a due process complaint with the Office for Dispute Resolution ("ODR") against the Department alleging that the Charter School violated its obligations under the IDEA by inadequately evaluating Student, failing to provide Student with a free appropriate public education, and failing to pay for Student's Independent Educational

---

[7] The facts set forth herein are taken from the parties' respective filings, including their joint statement of stipulated facts and attached exhibits, and are largely undisputed, as they relate to this Court's decision. Any factual disputes, to the extent relevant, are noted.

Evaluation ("IEE"). On April 16, 2015, the Department filed a motion to dismiss the due process complaint, asserting that the ODR and the hearing officer lacked jurisdiction over the Department, and that the due process complaint was insufficient. On April 27, 2015, the hearing officer issued a Ruling denying the Department's motion to dismiss. In the hearing officer's written Ruling, the hearing officer required Plaintiffs to file a companion complaint against the Charter School, which once filed, would "be consolidated for hearing with the complaint" against the Department. In accordance with the hearing officer's Order, on May 6, 2015, Parent filed a due process complaint against the Charter School with the ODR, which was consolidated with the action against the Department.

Following receipt of the initial due process complaint, the Department initiated and conducted a fact-finding investigation, which included a review of available documents related to Student's education and an interview of the Charter School's Closing Transition Administrator. On May 6, 2015 (nine days after the hearing officer denied the Department's motion to dismiss the due process complaint), the Department issued a fact-finding report determining that Student was eligible for 1,780.3 hours of compensatory education services due to the Charter School's failures. Based on its investigation, the Department determined that the Charter School failed to fully implement Student's IEP and/or provide FAPE to Student. By letter dated the same day, the Department offered to settle the due process matter by providing Student with the 1,780.3 hours of compensatory education for which it had determined Student was eligible. In that letter, the Department advised that if its offer was not accepted and the matter proceeded to a hearing, "the Department reserves the right to present evidence establishing that the offered hours should be reduced."

By letter dated June 9, 2015, the Department advised Plaintiffs that "[u]pon further consideration, the Department has arranged for [Student] to obtain the compensatory education immediately without the need for a settlement agreement." With respect to the compensatory education, the Department "calculated a maximum dollar amount available at $40.00 per hour for a total of no more than $71,212." In light of its determination to provide compensatory education, the Department stated its opinion that the due process matter was moot and that Plaintiffs were not entitled to an award of attorneys' fees. By letter dated June 16, 2015, Plaintiffs disagreed with the Department's opinion as to the hourly rate for compensatory services and the issue of attorneys' fees, rejected the Department's offer, and made a settlement counteroffer. The counteroffer was not accepted.

On June 19, 2015, the hearing officer convened a due process hearing on the consolidated complaints via telephone. During this initial hearing, Plaintiffs and the Department each made opening statements. In its opening statement, the Department made an oral motion to dismiss the administrative action. Relying on his previous written Ruling, the hearing officer denied the Department's motion. By letter dated August 5, 2015, the Department responded to Plaintiffs' June 16, 2015 letter, and advised that it was raising the hourly rate for compensatory services previously offered ($40 per hour) to $60 per hour.

Sometime in August 2015, the parties agreed to submit the due process matter to the hearing officer on stipulations and an agreed order in lieu of a hearing. The stipulations were submitted to the hearing officer on October 7, 2015.[8] On December 15, 2015, the hearing officer issued a written decision based upon the parties' stipulations. In his final Order, the hearing officer directed, *inter alia*, the following: "Due to the closure of the [Charter School], the

---

[8] Notably, in the submitted stipulations, the Department repeated its contention that the "ODR does not have jurisdiction over the Department."

Pennsylvania Department of Education ("PDE") as the state educational agency under the terms of IDEIA shall ensure that the student receives 1,780.3 hours of compensatory education services and to pay for the student's independent education evaluation." The Order also directed that any failure by the Department "to pay or reimburse for compensatory education services within 50 days of receipt substantiating documentation shall result in additional compensatory services equal to the hours of compensatory services sought." Further, the Order provided that "the compensatory education shall be in addition to, and shall not be used to supplant, educational and related services that should appropriately be provided by an LEA through an IEP to assure meaningful educational progress."

Following the hearing officer's final determination and order, Plaintiffs demanded that the Department pay Plaintiffs' attorneys' fees for the underlying due process proceedings. The Department refused, prompting Plaintiffs to commence this federal action seeking attorneys' fees and costs under 20 U.S.C. §1415(i)(3)(B)(i). Notably, although the IDEA allowed the Department to file an action seeking reversal of the hearing officer's decision, including the finding that the Department was a proper party to the proceedings, that it had jurisdiction over the Department, and that the due process complaint was sufficient, the Department has not done so. *See* 20 U.S.C. §1415(i)(2). As such, the Department has waived any argument that it was not a proper party to the due process proceedings or that the hearing officer lacked jurisdiction over it.

**LEGAL STANDARD**

Rule 56 governs the summary judgment motion practice and provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is

"material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena*, 638 F.3d at 196.

Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met where the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or

admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. That is, when a properly supported motion for summary judgment is made, the adverse party may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. However, credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are tasks properly reserved for the jury.

The standards to be applied in deciding cross-motions for summary judgment are the same as those applied when only one party has filed a summary judgment motion. *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008); *Cincinnati Ins. Co. v. Devon Intern., Inc.,* 924 F. Supp. 2d 587, 589 n.3 (E.D. Pa. 2013). "When confronted with cross-motions for summary judgment, the 'court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Anderson v. Franklin Institute*, 185 F. Supp. 3d 628, 635 (E.D. Pa. 2016) (quotations omitted).

**DISCUSSION**

The sole issue raised by the parties' cross-motions for summary judgment is whether Plaintiffs are entitled to an award of attorneys' fees and costs from the Department. Ordinarily, parties are responsible for their own attorneys' fees pursuant to the "American Rule." *P.N.*, 442 F.3d at 852. However, the IDEA specifically provides that a "court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. §1415(i)(3)(B). "'[T]he Supreme Court has given a generous formulation to the term prevailing party.'" *Raab v. City of Ocean City, N.J.*, 833 F.3d 286, 292 (3d Cir. 2016) (quoting *Truesdell v. Phila. Hous. Auth*., 290 F.3d 159, 163 (3d Cir. 2002)). "[A]

prevailing party is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d at 501 (quoting *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002)). As such, "'[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

Here, the parties' dispute turns primarily on whether Plaintiffs are prevailing parties as against the Department. Plaintiffs argue that they were the prevailing parties in the underlying due process proceedings and are, thus, entitled to attorneys' fees and costs from the Department. Defendant, on the other hand, argues that it is not liable for attorneys' fees because Plaintiffs prevailed only against the Charter School, and not against the Department. Defendant also argues that the IDEA does not permit an award of attorneys' fees against an SEA, like the Department.

As set forth above, under the IDEA's fee-shifting provision, a district court may grant reasonable attorneys' fees to a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i)(I). A "prevailing party" is one who has been awarded some relief which brings about a "material alteration of the legal relationship of the parties." *Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001). The IDEA's fee shifting provision does not differentiate in any way between SEAs and LEAs but, instead, creates an entitlement to attorneys' fees based solely on prevailing party status. 20 U.S.C. §1415(i)(3)(B)(i)(I); *see also R.V. v. Rivera*, 220 F. Supp.3d 588, 595 (E.D. Pa. 2016); *R.J. v. Rivera*, 2017 WL 3413005, at *5

(E.D. Pa. Aug. 9, 2017) (citing *R.V.*). Thus, once an SEA is properly made subject to an IDEA due process proceeding, the SEA risks a judgment imposing an award of attorneys' fees against it.

As set forth in the procedural chronology above, after being named a defendant by Plaintiffs in the underlying due process proceedings, the Department unsuccessfully sought to be dismissed from those proceedings. Specifically, the Department filed a motion to dismiss the administrative due process complaint on the grounds that it was not a proper party and that the hearing officer lacked jurisdiction over the Department. That motion was denied. In addition, after its motion to dismiss was denied, the Department continued to argue that it was not a proper party to the proceedings. Ultimately, all of the Department's arguments for dismissal were rejected, resulting in a final, substantive order in Plaintiffs' favor. Notably, the Department has not challenged the hearing officer's rulings in this matter and, thus, has waived any argument that it was not a proper party to the administrative due process proceedings. Under these circumstances, this Court finds that the hearing officer's final order "changed the legal relationship between the parties" in that it established that the Department was a proper party to the due process proceedings and was subject to the substantive portions of the order. As such, Plaintiffs were the prevailing party and are, therefore, eligible for an award of attorneys' fees.

This Court also finds that this matter is governed by the recent decision of the Third Circuit Court of Appeals in *H.E. v. Walter D. Palmer Leadership Learning Partners Charter School*, 873 F.3d 406 (3d Cir. 2017). In *H.E.*, the Third Circuit ultimately concluded that the parents were prevailing parties in their underlying IDEA case, and therefore, entitled to attorneys' fees. As relates to *this* case, what is most important is that in finding in favor of the

parents, the Third Circuit held that the parents were "prevailing parties" as against the Department as an SEA and were entitled to collect attorney's fees from the Department.

The plaintiffs in *H.E.* were parents of disabled students of the Walter D. Palmer Leadership Learning Partners Charter School (the "Charter School"), the same defunct charter school that Student attended in this case. Like Plaintiffs here, the plaintiffs in *H.E.* had entered into settlement agreements with the Charter School that established funds of compensatory education to be provided for each child. When the Charter School financially failed and could not provide the compensatory education due the students under the settlement agreements, the plaintiffs brought due process proceedings against the Charter School and against the Department, seeking a ruling that the Department, as the SEA under the IDEA, became obligated to provide the compensatory education due under the plaintiffs' settlement agreements with the Charter School. 873 F.3d at 409. As in this case, the Department filed a motion to dismiss the case against it. Unlike this case, however, the hearing officer in *H.E.* granted the motion and dismissed the Department as a party to the proceedings. *Id.* The plaintiffs then filed an appeal of the hearing officer's dismissal with the district court, a matter which was assigned to the Honorable Wendy Beetlestone. With respect to the hearing officer's dismissal of the Department, Judge Beetlestone reversed the hearing officer's dismissal of the Department as a party, granted partial summary judgment to the plaintiffs, and remanded the matter to the hearing officer for a full proceeding on the merits. On remand, the plaintiffs and the Department eventually entered an agreement regarding the amount of compensatory education owed to the plaintiffs. *Id.* at 409-10. The plaintiffs, like Plaintiffs here, then filed a motion for attorneys' fees in the district court, seeking an award of fees against the Department. Judge Beetlestone denied the motion for attorneys' fees, reasoning that the plaintiffs had achieved only a

13

"procedural" victory and were thus not prevailing parties and entitled to an award of attorneys' fees. *Id*. at 410.

On appeal, the Third Circuit reversed Judge Beetlestone's ruling that the plaintiffs were not prevailing parties as against the Department. Relying on its previous decisions in *M.R. v. Ridley School District*, 868 F.3d 218 (3d Cir. 2017), and *Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979), the Third Circuit held that the plaintiffs were eligible for an award of attorneys' fees even though they had obtained only a "purely procedural victory" – the reversal of the hearing officer's dismissal and a remand to the hearing officer – and that this "procedural victory" alone conferred prevailing party status on the plaintiffs. *Id*. at 412-13.

Although the *H.E.* decision does not directly address the specific issue before this Court, the Third Circuit's decision in *H.E.* effectively forecloses the Department's arguments here that it cannot be responsible for such an award because of its status as an SEA, by reasons of public policy, or on the theory that the Department supposedly "voluntarily" provided compensatory education to the plaintiffs and, therefore, plaintiffs could not be considered as the prevailing parties. In *H.E.*, the Third Circuit found that the Department was liable for an award of attorneys' fees in a similar procedural posture and despite similar arguments raised by the Department. As such, the Department's arguments that it cannot be liable for an award of attorneys' fees under the IDEA are without merit.

**CONCLUSION**

For the reasons stated herein, Plaintiffs are prevailing parties against the Department, and therefore, the Department is liable to Plaintiffs for attorneys' fees. Accordingly, Plaintiffs' motion for summary judgment is granted, and Defendant's motion for summary judgment is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.